IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **JIMMY & SHERRY BABINEAUX** § § § **v.** § § **CERTAIN UNDERWRITERS AT LLOYD'S, LONDON** § § § | **Civil Action No. 19-cv- 3982** **(JURY)** |

### DEFENDANTS' NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants Certain Underwriters at Lloyd's, London Subscribing to Policy No. AS201TX00931-2, each for themselves alone and no other, severally not jointly, based on their own respective percentage of interest, ("Underwriters"), file this Notice of Removal to the United States District Court for the Southern District of Texas, Houston Division, on the basis of diversity of citizenship and amount in controversy and respectfully show:

### I.
### FACTUAL BACKGROUND

1. Plaintiffs commenced this lawsuit against Defendants in the 333rd Judicial District Court of Harris County, Texas on or about August 19, 2019. A true and correct copy of the Original Petition along with documents reflecting service are attached hereto as Exhibit "A." Plaintiffs served the Original Petition on Defendants through their registered agent on September 12, 2019. On October 7, 2019 Defendants filed their Original Answer, Special Exceptions and Jury Demand attached hereto as Exhibit "B."

2. Defendants are filing this Notice of Removal within 30 days of their first receipt of Plaintiffs' Original Petition as required by 28 U.S.C. § 1446(b).

3. Plaintiffs seek to recover damages in this lawsuit based on allegations of breach of contract, violations of the Texas Insurance Code and bad faith. Plaintiffs' claims against Defendants arise under a homeowner's policy of insurance issued by Defendants. Plaintiffs allege their property was damaged in a storm occurring on or about August 27, 2017.

4. Plaintiffs allege numerous causes of action. However, their case boils down to an allegation that they were not paid by the insurance company, Liberty, to be sufficiently compensated for their alleged losses from the August 27, 2017 storm.

## II.
## BASIS FOR REMOVAL

5. In a removal situation, the burden is on the removing party to establish the existence of jurisdiction and the propriety of removal. *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). This Court has jurisdiction in this case pursuant to 28 U.S.C. § 1332, in that there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00. Accordingly, statutory authority for the removal of this matter is conferred by 28 U.S.C. §§ 1441 and 1446.

**A.     There is Complete Diversity of Citizenship.**

6. Plaintiffs are, and were at the time the lawsuit was filed, residents and citizens of Texas. *See* Plaintiffs' Original Pet. ¶ 1.

7. Cincinnati Global Underwriting Ltd. on behalf of Syndicate 0318 is the corporate member of Syndicate 0318, with its principal place of business at One Minster Court, Mincing Lane, Third Floor, London, EC3R 7AA and is a business entity organized pursuant to and is therefore a

citizen of the United Kingdom. Cincinnati Global Underwriting Ltd. and Cincinnati Global Syndicate 318 are foreign companies and citizens of the United Kingdom.

### B. The Amount In Controversy Exceeds Jurisdictional Requirements.

8. The amount in controversy meets the minimum jurisdictional requirements under 28 U.S.C. § 1332. Here, Plaintiffs fail to allege an amount for which they are suing. Further, they fail to include a stipulation or affidavit stating they seek $75,000 or less. The face of a plaintiff's pleading will not control if made in bad faith. The inquiry does not end merely because a plaintiff alleges damages potentially below the threshold. Plaintiffs can only end that inquiry by showing, *with legal certainty*, that their recovery will not exceed that amount. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995). To meet this obligation, plaintiffs can cite a statute that limits their recovery accordingly or they can file a binding stipulation or affidavit regarding those damages with their complaint. *Id. See also Sam v. Nationwide Prop. & Cas. Ins. Co.*, No. H-10-1034, 2010 WL 2471905 at *4 (S.D. Tex. Jun. 16, 2010); *Troiani v. Allstate Ins. Co.*, No. B-06-00067, 2006 WL 1851378 at *1 (S.D. Tex. Jul. 3, 2006). Here, Plaintiffs have done neither.

9. If a defendant can show that the amount in controversy actually exceeds the jurisdictional amount, the plaintiffs must be able to show that, as a matter of law, it is certain that they will not be able to recover more than the damages for which they have prayed in the state court complaint. *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1411 (5th Cir. 1995).

10. To support the allegation that the amount in controversy exceeds $75,000.00, the defendant may rely on an estimation of damages calculated from the allegations in the complaint. *Luckett v. Delta Airlines, Inc.,* 171 F.3d 295, 298 (5th Cir. 1999). The defendant may also rely on the notice of removal, affidavits, stipulations, interrogatories, or other evidence. *De Aguilar,* 11 F.3d at 58. If the court finds it necessary to consider additional information, items to be considered in ascertaining the amount in controversy when the insurer could be liable for those sums under state

law are, *inter alia*, penalties, statutory damages, and punitive damages—*not* interest or costs. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). If a state statute provides for attorney's fees, such fees are included as part of the amount in controversy. *Id.* Here, the combination of Plaintiffs' allegations and Defendants' evidence demonstrate by more than a preponderance of the evidence that the amount in controversy exceeds $75,000.00.

11. In their Petition, Plaintiffs state they are seeking:

   (a) Unspecified damages they allege have resulted due to Defendants' alleged breach of contract. (See paragraph 14 of the Petition).

   (b) Statutory interest on the total amount of the claim. (See paragraph 16 of the Petition).

   (c) Exemplary and/or treble damages. (See paragraph 21 of the Petition).

   (d) Attorney's fees. (See paragraphs 16, 22, 23 and 24 of the Petition).

12. Further, in any first party damage case, the contractual amount in controversy is the limits of the policy. In this case, the policy limits are $115,000.00 for the Dwelling. *See* Exhibit "C" attached hereto.

13. It is clear the types of damages Plaintiffs are seeking, when considered jointly, put them well above the jurisdictional minimum. Taking all of the allegations together, Defendants have ample reason to believe the potential damages in this matter would be in excess of the minimum required for diversity jurisdiction. It has been just over 19 months since Defendants sent Plaintiffs a letter explaining the absence of covered damages which were found during the claim investigation. Therefore, including penalty interest increases the amount sought by the Plaintiffs to $29,057.30. Presumably, Plaintiffs expect this to increase during the time it takes to try and/or appeal this case.

14.     Further, on May 31, 2019, Plaintiffs sent Defendants a demand letter, alleging actual damages in the amount of $25,000.00, plus $4,500.00 in attorney fees, for a total of $29,500.00. *See* Exhibit "D" attached hereto.  Plaintiffs request treble damages in their Original Petition which is $75,000.  Not included in this amount is Plaintiffs' claim for attorney fees through trial and appeal.

15.     Assuming the Plaintiffs seek only $4,500.00 for attorney fees, the amount in controversy far exceeds $75,000.00.

| Claim for Damages | Plaintiff's Alleged Damages |
|---|---|
| Actual damages alleged for breach of contract | $25,000.00 |
| Treble Damages for knowing violations of the Texas Insurance Code. | $75,000.00 |
| 10.25 percent interest for violations of the Insurance Code | $4,057.30 for 19 months |
| Attorney's Fees | $4,500.00 |
| **Total to Date:** | **$108,557.30** |

16.     For these reasons, Defendants believe it is reasonably clear that the amount in controversy exceeds the sum of $75,000.00.  Defendants have also made such showing by a preponderance of the evidence as required by applicable federal law.

    **C.     Removal is Procedurally Correct.**

17.     Venue is proper in this District and Division under 28 U.S.C. §1446(a) because this District and Division include the county in which the state action has been pending and because a substantial part of the events giving rise to Plaintiffs' claims allegedly occurred in this District and Division.

18. Attached hereto are all documents required by LR 81, USDC/SDTX Local Rules and 28 U.S.C. § 1446(a).

19. Pursuant to 28 U.S.C. §1446(d), promptly after Underwriters file this Notice, written notice of the filing will be given to Plaintiffs.

20. Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice will be promptly filed with the Clerk of the Harris County District Court after Underwriters file this Notice.

21. Defendants demanded a jury in the state court action. Defendants also request a trial by jury pursuant to Rule 81(c)(3)(A), Federal Rules of Civil Procedure and LR 38.1, USDC/SDTX Local Rules.

22. All fees required by law in connection with this Notice have been tendered and paid by Defendants.

### III.
### CONCLUSION

Based upon the foregoing, and other documents filed contemporaneously with this Notice of Removal and fully incorporated herein by reference, Defendants hereby remove this case to this Court for trial and determination.

**SHEEHY, WARE & PAPPAS, P.C.**

*/s/ D. Christene Wood*
D. Christene Wood
State Bar No.: 24042188
cwood@sheehyware.com
Jonathan R. Peirce
State Bar No.: 24088836
2500 Two Houston Center
909 Fannin St.
Houston, Texas 77010
Telephone (713) 951-1000
Telecopy (713) 951-1199

***ATTORNEYS FOR DEFENDANTS***

6

## CERTIFICATE OF SERVICE

This is to certify that on the 11th day of October 2019, a true and correct copy of the foregoing document was delivered to all counsel of record via the Clerk's ECF filing notice in accordance with the Federal Rules of Civil Procedure as follows:

Noah M. Wexler
ARNOLD & ITKIN LLP
6009 Memorial Drive
Houston, Texas 77007
*ATTORNEYS FOR PLAINTIFF*

                                              */s/ D. Christene Wood*
                                              D. Christene Wood

3595740